IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMAL TAYLOR, )
)
       Plaintiff, )
)
vs. ) Case No. 18−cv−0983−JPG
)
RITZ, )
SMITH, and )
WEXFORD HEALTH SOURCES, INC. )
)
       Defendants.

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jamal Taylor, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages, punitive damages, and injunctive relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

For 8 years, Plaintiff suffered chronic back, neck, and shoulder pain. (Doc. 1, p. 16). On January 23, 2017, he received a CT scan, which showed straightening of the cervical lordosis, anterior spondylosis, degenerative disc disease, disc bulging, and mild central canal stenosis. *Id*. Plaintiff has been referred by staff physicians to an orthopedist multiple times to address his back pain, most recently by Dr. Siddiqui at Menard on May 22, 2017. (Doc. 1, p. 17). Dr. Ritz denied Siddiqui's recommendation during a collegial required by Wexford and ordered physical therapy instead. *Id.* Plaintiff completed the physical therapy, but the final report indicated that his pain had increased with therapy. *Id*. As a result, Siddiqui once again presented his request for an orthopedic referral to Wexford's collegial board. *Id*. This time the request was denied by Dr. Smith, who recommended neuropathic pain medication in lieu of an orthopedic consult. (Doc. 1, p. 18). Plaintiff alleges that he tried such medication multiple times during the 9 years that he has been having symptoms, to no avail. *Id*. Plaintiff alleges that Ritz and Smith are deliberately indifferent to the bulging discs in his back. (Doc. 1, p. 19). He further alleges that they are acting pursuant to a policy and practice of Wexford's to prefer the most cost-effective treatment over options like surgery. (Doc. 1, p. 20).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Ritz and Smith were deliberately indifferent to Plaintiff's back problems in violation of the Eighth Amendment when they denied the prison medical director's request for an orthopedic consult;
>
> **Count 2** – Wexford has a policy or practice of denying inmates needed orthopedic consults in order to be cost-effective in violation of the Eighth Amendment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825,

842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff alleges that he has suffered from chronic back pain for approximately 9 years, possibly caused by a bulging disc. Chronic back pain can constitute a serious medical need. *Diaz v. Godinez*, 693 F. App'x 440, 443 (7th Cir. 2017). Plaintiff has satisfied the first element of the deliberate indifference test. Plaintiff has also alleged that, despite the recommendation from multiple prison doctors, the Wexford collegial board repeatedly denied the request in favor of treatment that made Plaintiff's condition worse, or that had previously been shown to be ineffective. Pursuing ineffective treatment can be deliberate indifference, and therefore **Count 1** shall be allowed to proceed against Ritz and Smith.

As to Plaintiff's claim against Wexford, normally, a private corporation is shielded from vicarious liability under § 1983. However, Wexford is presumed to act under color of state law, and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S.

4

658, 691 (1978)). A policy claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016).

Plaintiff alleges that Smith and Ritz were acting pursuant to a policy of Wexford's when they denied his treatment requests. Specifically, he has alleged that Wexford had a policy of pushing cost-effective treatment options in lieu of more expensive ones, regardless of the medical situation at hand. As Plaintiff has made a plausible allegation that Wexford has an unconstitutional policy, pursuant to which he was harmed, **Count 2** shall be permitted to proceed against Wexford.

### Request for Injunctive Relief

Plaintiff's Complaint contains a request for injunctive relief. The Court notes that Plaintiff has not moved the Court for a preliminary injunction. As Plaintiff is an experienced jailhouse litigator, the Court presumes that this is intentional. Should Plaintiff seek preliminary relief, he should file a motion.

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against Ritz, Smith, and Wexford, respectively.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Ritz, Smith, and Wexford: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will

require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 12, 2018**

s/J. Phil Gilbert
**U.S. District Judge**